IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael Bohannan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No. 9:04-2410-HMH-GCK |
| vs. | ) | |
| | ) | **OPINION and ORDER** |
| Alcye Y. Hayes, C. Kendall, W. Oliver, | ) | |
| I.A. Culbreath, Sandra S. Bowie, Tracie | ) | |
| Baxley, Richard Stroker, Gary D. | ) | |
| Maynard, Medrina Gilliam, Wm. Frazier | ) | |
| Jackson, and Ms. Freeman, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02.[1] Michael Bohannan ("Bohannan"), a pro se state prisoner, asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Magistrate Judge Kosko recommends that the court grant the above named Defendants' summary judgment motion, because Bohannan's "[c]omplaint lacks any arguable basis in law or in fact that would entitle him to relief." (Rept. at 16.) The Magistrate Judge further recommends that this action be deemed a "strike" for purposes of the "three strikes rule" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

1915(g). Finally, the Magistrate Judge recommends denying Bohannan's motions to compel. Bohannan filed objections to the Report. The court adopts the Report and Recommendation of the Magistrate Judge, and for the reasons stated therein and those provided below, the court grants Defendants' motion for summary judgment, denies Bohannan's motions to compel as moot, and deems this action a "strike" for purposes of the "three strikes rule" under the PLRA.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During the events at issue in this case, Bohannan was incarcerated at the McCormick Correctional Institution ("MCI"). Bohannan's complaint alleges that he (1) was denied dental care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, (2) was discriminated against on the basis of race in violation of the Fourteenth Amendment, and (3) was retaliated against in violation of his First Amendment rights. The specific allegations underlying these claims is well presented on pages 4-5 of the Report and Recommendation, and the court hereby incorporates the Report's summary of those allegations in this order. For these alleged violations, Bohannan seeks monetary damages.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. Rule 56© mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Bohannan filed objections to the Report on June 23, 2005. Two of Bohannan's objections–(1) that the Report misstated the dates on which Bohannan filed his pleadings and (2) that the Report assumed Bohannan exhausted his administrative remedies–do not relate to the merits of Defendants' summary judgment motion. These objections are therefore without merit. The court further finds that Bohannan's other objections fail for the following reasons.

First, Bohannan contends that the Magistrate Judge relied on certain inadmissible documents to reach the conclusions drawn in the Report. This contention is without merit, as the Report does not rely on any of Defendants' evidence to determine that Bohannan's complaint is subject to dismissal. As the Report states, Bohannon's "Complaint lacks any arguable basis in law or in fact that would entitle him to relief." (Rept. at 16.)

Second, Bohannan argues that the Magistrate Judge misunderstood the gravamen of his Eighth Amendment claim. Bohannan asserts that Dr. Hawes never advised that extraction was an "appropriate" dental treatment for his mouth pain. Rather, Bohannan states that a root canal was "what he needed to possibly save his tooth," and "it is undisputed that Defendants failed to make that treatment available." (Obj. at 4.)

Taking these allegations as true, Bohannan fails to establish an Eighth Amendment violation as a matter of law. To state an Eighth Amendment violation, Bohannan must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[T]he mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under 1983." Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984) (unpublished).

Bohannan admitted in his verified complaint that when sought treatment for his mouth pain, Dr. Hawes advised that South Carolina Department of Corrections' ("SCDC") policy permitted to have his tooth extracted. (Compl. at 6-7.) In the event he preferred another course of treatment, Dr. Hawes provided Bohannan with forms to fill out to seek treatment from a dentist outside of SCDC. (Id. at 9). No allegations in Bohannan's complaint establish that the

tooth extraction permitted under SCDC policy was inadequate to address his medical needs. Nor is there any legal authority supporting Bohannan's claim that a tooth extraction amounts to less than "adequate" treatment under the Eighth Amendment, even if he preferred some other course of action. Disputes about the best course of treatment are simply not actionable under § 1983. See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court.").

Third, Bohannan objects to the Magistrate Judge's finding that Dr. Hawes prescribed both an antibiotic and ibuprofen for his pain on June 18, 2001, noting that Dr. Hawes only prescribed antibiotics for him then. Bohannan claims that Dr. Hawes "did not authorized any pain medication until his second appearance, after he had suffered through many months of pain." (Obj. at 8.) Taking these allegations as true, Bohannan fails to set forth a prima facie Eighth Amendment claim, as there is no dispute that Dr. Hawes offered to treat Bohannan for his mouth pain by a tooth extraction on his initial visit. Dr. Hawes' alleged failure to prescribe pain relievers to Bohannan while he refused this treatment does not amount to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

Fourth, Bohannan contends that the allegations in his complaint sufficiently set forth a race discrimination claim. Viewing the allegations in the complaint in the light most favorable to Bohannan, the complaint provides that Bohannan, a white male, and some African-American inmates were standing outside their cell during a prohibited time. Bohannan alleges that, unlike

him, these African-American inmates were not placed in solitary confinement by Defendant W. Oliver ("Oliver").

This objection is without merit, as Bohannan fails to establish that he is similarly situated to the other African-American inmates. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (noting that to establish a race discrimination claim, plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"). That is, Bohannan admits that he verbally challenged Oliver's order that Bohannan return to his cell and then later Oliver's decision to deadlock Bohannan's cell. (Compl. at 23 ¶¶ A-8, A-11, A-12) Even taking as true Bohannan's self-serving denial of having used profanity against Oliver, Bohannan fails to allege that any of the African-American inmates challenged Oliver's authority and was treated differently, and therefore Bohannan cannot show that Oliver purposefully and invidiously placed him in solitary confinement because of his race.

Fifth, Bohannan objects to the Magistrate Judge's conclusion that Defendants did not improperly restrict his First Amendment rights. Bohannan claims that "he was falsely charged and punished in retaliation for beginning the grievance process by initiating an informal resolution attempt with . . . Oliver." (Obj. at 13.)

The United States Court of Appeals for the Fourth Circuit has warned that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) (citation omitted). To prevail upon a claim of retaliation, an inmate must specifically demonstrate that,

but for his protected conduct, he would not have been subject to the alleged retaliatory act. See Huang v. Bd. of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990). Essentially, the inmate must first demonstrate that he engaged in protected conduct and second, that his protected conduct motivated the retaliatory act.

Bohannan's "informal [grievance] resolution attempt" is not conduct protected by the First Amendment. There is no dispute that Bohannan should have been in his cell when Oliver ordered him to return to it and that, after returning to it, Bohannan then requested permission to leave. (Compl. at 23 ¶ A-8.) When Oliver thereafter deadlocked his cell, Bohannan concedes that he again challenged Oliver's authority. (Compl. at 23 ¶¶ A-11, A-12.) Under these circumstances, Oliver's decision to place Bohannan in solitary confinement serves the state's legitimate penological interests in maintaining security, order, and discipline in a prison setting. Speech that challenges legitimate penological interests is not protected under the First Amendment. See Pell v. Procunier, 417 U.S. 817, 822 (1974) (finding speech that is "inconsistent with status as a prisoner [and] with the legitimate penological objects of the corrections system" not protected under First Amendment); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (finding that "to state a cause of action, . . . [an inmate] must . . . allege that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals"); Talbert v. Hinkle, 961 F. Supp. 904, 911-12 (E.D. Va. 1997) ("[I]n cases involving prisoner retaliation claims, many courts have . . . require[d] prisoners to show that the officials' actions did not advance legitimate penological objectives."); Abdul-Akbar v. Dep't of Corr., 910 F. Supp. 986, 1000-01 (D. Del. 1995) (holding that, because claims of retaliation have potential for abuse, in order to state a

claim for unconstitutional retaliation, inmate "must allege that the 'retaliatory' action does not advance legitimate penological goals such as preserving institutional order and discipline"), aff'd, 111 F.3d 125 (3d Cir. 1997) (unpublished). Cf. Cook v. Lehman, 863 F. Supp. 207, 212 (E.D. Pa. 1994) (even if a prison official's conduct affects protected First Amendment rights, courts should defer to the official's decisions which are aimed at protecting internal security and order, so long as they are "reasonably related to legitimate penological interests") (citing Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)).

In addition, there is no reasonable inference to be drawn from the allegations in the complaint that Oliver's decision to place Bohannan in solitary confinement was motivated by Bohannan's allegedly protected conduct as opposed to Bohannan's refusal to follow Oliver's orders and prison rules.

For all the reasons provided above, Bohannan's fifth objection fails.

Sixth, Bohannan claims that Defendant C. Kendall ("Kendall"), the Warden at MCI at the time of the alleged incidents, authorized his solitary confinement in retaliation for three grievances Bohannan filed against Kendall relating to another matter. This claim fails for the same reasons that the court finds Bohannan's First Amendment retaliation claim against Oliver without merit. If Oliver's decision to place Bohannan in solitary confinement satisfies constitutional standards then, a fortiori, Kendall's authorization of that decision does too.

Seventh, Bohannan asserts that the Magistrate Judge failed to address his due process claim. That is, Bohannan claims that

> he was placed in solitary confinement for five days with no toilet paper, no mattress, no soap, no toothbrush, no razor, no comb, no correspondence material, and no writing instrument, was refused access to

>     his legal materials/papers as well as access to the law library, religious
>     services, and television.

(Obj. at 14.) Bohannan argues that he "has a protected liberty interest in remaining free from such deplorable conditions of confinement." (Obj. at 15.) For this proposition, Bohannan refers the court to <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).

Bohannan's claim is without merit. The Supreme Court in <u>Sandin</u> held that an inmate's internal prison disciplinary sentence of thirty days in segregated confinement did not present the type of "atypical, significant deprivation" in which a state might create a liberty interest. 515 U.S. at 486. Likewise, Bohannan's punishment of five days in solitary confinement, even in the conditions alleged in his complaint, does not amount to an "atypical, significant deprivation" in which a State might create a liberty interest protected by the Due Process Clause. See <u>Beverati v. Smith</u>, 120 F.3d 500, 503-04 (4th Cir. 1997) (finding inmates placed in unbearably hot administrative segregation cells infested with vermin and smeared with human feces and urine; who did not receive clean clothing, linen, or bedding as often as required by regulations; who were not permitted to go outside to recreate; who were denied the educational and religious services available; and who were served cold food in considerably smaller portions, failed to allege conditions so atypical that exposure to them for a six-month period imposed a significant hardship in relation to the ordinary incidents of prison life).

Finally, Bohannan objects to the Magistrate Judge's discussion of his unconstitutional work assignment transfer claim. Bohannan alleges that he "has presented no such claim." (Obj. at 15.) To this end, the court finds Bohannan's objection to the Report moot.

For all the reasons provided above, it is therefore

**ORDERED** that Defendants' motion for summary judgment, Docket Number 30, is granted. It is further

**ORDERED** that Bohannan's motions to compel, Docket Numbers 41 and 47, are denied as moot.  It is further

**ORDERED** that the dismissal in this case is deemed a "strike" for purposes of the PLRA.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 21, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.